# EXHIBIT 3-A

FILED
TARRANT COUNTY
7/14/2023 10:27 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 141-343582-23

| | | |
|---|---|---|
| **JASON WOOLARD AS REPRESENTATIVE OF THE ESTATE OF BILLY CLAUDE WOOLARD** | § § § § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § § | |
| **V.** | § § | **TARRANT COUNTY, TEXAS** |
| **LIFE TIME FITNESS, INC., TYLER YATES, JULIAN TIJERINA, and PRESTON RIGGS** | § § § § § | |
| **Defendants,** | § | **___ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jason Woolard as representative of the estate of Billy Claude Woolard, Plaintiffs, complaining of Life Time Fitness, Inc., Tyler Yates, Julian Tijerina, and Preston Riggs, Defendants, and would show unto this Honorable Court the following:

### I.
### DISCOVERY PLAN LEVEL 3

1. Plaintiff requests that this lawsuit be governed by Discovery Plan Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff Billy Claude Woolard was an individual resident of Hood County, Texas. Jason Woolard as representative of the estate of Billy Claude Woolard is a resident Tarrant County, Texas.

3. Defendant Life Time Fitness, Inc. is a Minnesota corporation located at 2902 Corporate Place, Chanhassen, Minnesota 55317 and may be served with citation by and through its registered agent for service, National Registered Agents, Inc., 1999 Bryan St., STE 900, Dallas,

Copy from re:SearchTX

Texas 75201.

4. Defendant Tyler Yates is a resident of Denton County, Texas, and may be served with citation at his usual place of residence located at 2740 Lakeside Parkway, Flower Mound, Texas 75022, or any other place where he may be found.

5. Defendant Julian Tijerina is a resident of Tarrant County, Texas, and may be served with citation at his usual place of residence located at 1409 Highland Dr., Mansfield, Texas 76063, or any other place where he may be found.

6. Defendant Preston Riggs is a resident of Tarrant County, Texas, and may be served with citation at his usual place of residence located at 2706 Ursula Court, Mansfield, Texas 76063, or any other place where he may be found.

## III.
## JURISDICTION AND VENUE

7. This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court. Venue is proper in Tarrant County, Texas, because all or a substantial part of the events giving rise to the cause of action occurred in Tarrant County. Plaintiffs plead damages pursuant to Tex. R. Civ. P. 47(c)(4).

## IV.
## FACTUAL BACKGROUND

8. This is a suit for negligence.  On October 9, 2022 at around 12:30 pm, Plaintiff Billy Claude Woolard arrived at the Life Time Fitness health club located at 1551 E. Debbie Lane, Mansfield, Texas 76063. Mr. Woolard was a member of the Life Time Fitness and regularly used their facilities. Defendants Julian Tijerina and Preston Riggs were lifeguards employed by Life Time Fitness and were in the course and scope of their employment on October 9, 2022. Defendant

Copy from re:SearchTX

Tyler Yates was the assistant manager on duty. All of these Defendants were certified lifeguards responsible for monitoring the safety of the members swimming in the pools on the premises.

9. After coming out of the sauna for a brief period of time Mr. Woolard walked over and sat on the edge of the indoor lap pool to put his feet into the water. Mr. Woolard then fell into the pool and was floating face down for over seven minutes prior to a bystander swimming over to check on him. The bystander found him unresponsive and began attempting to pull him from the pool. He yelled for help and it took some time before lifeguards came over to assist in pulling Mr. Woolard out of the pool. Once the employee lifeguards arrived on scene they told bystanders to leave the area. Mr. Woolard was only pulled partially out of the pool. No first aid was administered by the lifeguards. Mr. Woolard did not receive any first aid until the first Mansfield PD officer arrived on scene and began chest compressions. Not only did the Defendant lifeguards fail to notice Mr. Woolard in the pool for several minutes, but they failed to render CPR or any other life saving measures.

10. As a result of this incident, Plaintiff Billy Claude Woolard sustained serious personal bodily injuries and ultimately passed at Mansfield Methodist hospital later that day.

## V.
## CAUSES OF ACTION

11. Plaintiff incorporates each and every of the foregoing paragraphs as if fully set forth herein.

### COUNT 1: NEGLIGENCE

12. Defendants Life Time Fitness, Inc. undertook a duty to provide lifesaving assistance to the swimmers at the Life Time Fitness in Mansfield, including Mr. Woolard. Defendants Tyler Yates, Julian Tijerina, and Preston Riggs, as employees of Defendant Life Time Fitness, Inc. and individually as lifeguards certified under Texas law, undertook a duty to provide

first aid and lifesaving assistance to the swimmers at the Life Time Fitness Mansfield, including Mr. Woolard.

13. Defendants Tyler Yates, Julian Tijerina, and Preston Riggs failed to use reasonable care while lifeguarding the pools at the Mansfield Life Time on October 9, 2022. Specifically, Defendants Tyler Yates, Julian Tijerina and Preston Riggs failed to: monitor the pool in a safe and reasonable manner, identify that Mr. Woolard was a swimmer in distress in the pool, render lifesaving aid to Mr. Woolard while he was in distress, identify that he was floating in the pool for several minutes, and remove Mr. Woolard from the pool and render CPR.

14. The breach of their legal duty was a proximate cause of Mr. Woolard's death. Mr. Woolard drowned because of the negligence of Life Time Fitness, Inc. and its employees.

15. Defendants' conduct constituted negligence, and such negligence was the proximate cause of Mr. Woolard's drowning, as well as the injuries and damages to Plaintiffs made the basis of this suit.

## COUNT II: RESPONDEAT SUPERIOR

16. Plaintiff alleges that at the time of the occurrence in question made the basis of this lawsuit which occurred on or about October 9, 2022, Defendants Tyler Yates, Julian Tijerina and Preston Riggs were acting as the agents, employees and/or servants of Defendants Life Time Fitness, Inc., such that under the doctrines of respondeat superior and/or agency, Defendants Life Time Fitness, Inc. is liable to Plaintiff for his injuries and resulting damages caused by the negligence of Defendants Tyler Yates, Julian Tijerina and Preston Riggs.

## COUNT III: NEGLIGENT TRAINING

17. All preceding paragraphs are incorporated herein by reference.

Copy from re:SearchTX

18. Defendants Life Time Fitness, Inc. undertook a duty to provide lifesaving assistance to the swimmers at the Mansfield Life Time Fitness, including Mr. Woolard. That duty includes properly training its employee lifeguards to use reasonable care in performing and providing lifesaving assistance to patrons of its swimming pool.

19. Defendant Life Time Fitness, Inc. failed to use reasonable care in its training of its lifeguards, and specifically, Defendants Yates, Tijerina, and Riggs. More specifically, Defendant Life Time Fitness, Inc. failed to properly train Defendants Yates, Tijerina, and Riggs with respect to monitoring the pool in a safe and reasonable manner, identifying swimmers in distress, rendering aid to distressed swimmers, and rendering first aid and CPR to swimmers who had become overcome by water.

20. The breach of this legal duty by Life Time Fitness, Inc. was a proximate cause of Mr. Woolard's death. Mr. Woolard drowned because of the negligence of Life Time Fitness, Inc. and its employees, Defendants Yates, Tijerina, and Riggs.

21. Defendant Life Time Fitness, Inc.'s conduct constituted negligence, and such negligence was the proximate cause of Mr. Woolard's drowning, as well as the injuries and damages to Plaintiffs made the basis of this suit.

## COUNT IV: NEGLIGENT STAFFING

22. All preceding paragraphs are incorporated herein by reference.

23. Defendants Life Time Fitness, Inc. undertook a duty to provide lifesaving assistance to the swimmers at the Mansfield Life Time Fitness, including Mr. Woolard. That duty includes providing adequate lifeguard staffing for its pool facilities at the Mansfield Life Time Fitness.

24. Defendant Life Time Fitness, Inc. failed to use reasonable care in assigning an appropriate number of lifeguards to provide lifesaving assistance for the pools at its Mansfield Life Time Fitness where Mr. Woolard drowned.

25. The breach of this legal duty by Life Time Fitness, Inc. was a proximate cause of Mr. Woolard's death. Mr. Woolard drowned because of the negligence of Life Time Fitness, Inc. and its employees, Defendants Yates, Tijerina, and Riggs.

26. Defendant Life Time Fitness, Inc.'s conduct constituted negligence, and such negligence was the proximate cause of Mr. Woolard's drowning, as well as the injuries and damages to Plaintiffs made the basis of this suit.

## COUNT V: PUNITIVE DAMAGES

27. Plaintiff incorporates by reference herby any and all prior paragraphs hereto and further allege as follows: Punitive damages and all other exemplary damages for most causes of action are governed by Chapter 41 of the Texas Civil Practice and Remedies Code. This code states that exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from fraud, malice, or gross negligence.

28. Plaintiff is entitled to an award of punitive damages because of the Defendants' wanton and reckless disregard and deliberate indifference of the safety of Plaintiff.

## COUNT VI: SURVIVAL CLAIM

29. Plaintiff is the personal representative of the heirs and of the estate of Decedent and is an heir of Decedent. Before Decedent died, he had a cause of action under the Survival Statute. Tex. Civ. Prac. & Rem. Code 71.021. Plaintiff incorporates each of every cause of action in this Petition as if fully set forth herein. Decedent would have been able to bring all such causes

Copy from re:SearchTX

of action if Decedent were still alive.

30. Defendant's actions as fully set forth previously herein, caused Decedent's death and Plaintiff seeks to recover and damages the Decedent suffered as a result of Defendants' actions.

### COUNT VII: WRONGFUL DEATH ACTION

31. Plaintiff is a statutory beneficiary of Decedent. Defendant's wrongful acts as set forth above caused the death of Decedent. Defendant is liable for damages arising from Decedent's injuries and death as the injuries and death were caused by Defendant's wrongful acts, neglect, carelessness, unskillfulness or default. Decedent would have been entitled to bring an action for the injuries sustained if he had lived. Plaintiff has suffered actual injury within the jurisdictional limits of this Court and Plaintiff seeks damages.

32. Plaintiff represents the heirs of the estate of the Decedent. Before dying, Decedent had a cause of action for negligence, negligence per-se and, gross negligence, which could have been brought against Defendant by Decedent.

33. Decedent's injuries and death resulted from Defendant's negligence which is set forth at length herein. Defendant proximately caused the injuries of Decedent. Defendant's negligence and, alternatively, gross negligence proximately caused Decedent's injuries and death and damages in an amount in excess of the minimum jurisdictional limits of the Court.

## VI.
## DAMAGES

34. Jason Woolard as representative of the estate of Billy Claude Woolard has suffered the following damages:

1. Medical, hospital and health care expenses of Decedent.

2. Physical pain and mental anguish and suffering of Plaintiff and Decedent.

3. Funeral expenses.

4. Pecuniary losses, including but not limited to loss of earning capacity, services, advice, counsel, are, maintenance, support and reasonable contributions of a pecuniary value.

5. Loss of companionship and society.

6. Loss of inheritance.

7. Mental anguish in the past and future

8. Exemplary damages.

9. All other damages allowed by law.

By reason of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of this court. Plaintiff brings this action and claims compensatory damages against all Defendants. Plaintiff also claims punitive damages against all Defendants.

## VII.
## JURY DEMAND

35. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury and would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

## VIII.
## PRAYER

36. Plaintiff prays that he has judgment against Defendants, jointly and severally, for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court and for all other relief, legal and equitable, to which they are entitled.

Respectfully submitted,

Law Office of Jim Zadeh, P.C.

Copy from re:SearchTX

*/s/ Nick Peele*

_____
Nick Peele
State Bar: 24097078
Elan Cabrero
State Bar: 24096772
Jim Zadeh
State Bar: 22239000
1555 Rio Grande Avenue
Fort Worth, TX 76102
817.335.5100 – Telephone
817.335.3974 – Facsimile
nick@zadehfirm.com - Email

ATTORNEYS FOR PLAINTIFF