UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JASON WOOLARD,**

   Plaintiff,

v.                                        No. 4:23-cv-00844-P

**LIFE TIME FITNESS, INC., ET AL.,**

   Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand. Having reviewed the Motion and applicable law, the Court concludes that the Motion should be and is hereby **GRANTED.**

## BACKGROUND

This negligence case arises from the drowning death of Billy Claude Woolard in the pool at a Life Time Fitness health club ("Life Time") in Mansfield, Texas. Plaintiff sued Life Time along with the manager, Tyler Yates (who has not been served) and the lifeguards on duty—Julian Tijerina and Preston Riggs ("Individual Defendants"). Plaintiff Jason Woolard is the representative of Billy Claude Woolard's estate. Jason Woolard is a resident of Tarrant County, Texas and Billy Claude Woolard was a resident of Hood County, Texas. Defendant Life Time Fitness, Inc. is a Minnesota corporation with its principal place of business in Minnesota. Defendant Tyler Yates is a resident of Denton County, Texas and Defendants Julian Tijerina and Preston Riggs are residents of Tarrant County, Texas.

Plaintiff sued in state court and Life Time removed the case to this Court based on diversity jurisdiction, arguing that Defendants Tyler Yates, Julian Tijerina, and Preston Riggs were improperly joined and their Texas citizenship should be disregarded. Plaintiff disagrees. Thus, the issue before the Court is whether the Individual Defendants were improperly joined.

## LEGAL STANDARD

A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a); *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Original jurisdiction may be based on either diversity of citizenship or the existence of a federal question. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 (5th Cir. 2010). Ordinarily, diversity jurisdiction requires complete diversity—that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

But if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). As to the second way of establishing improper joinder, the Court applies the federal pleading standard in making this determination, which requires that the pleading contain "enough facts to state a claim to relief." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a motion to remand based on a challenge to subject matter jurisdiction, federal courts "must presume that a suit lies outside [their] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[A]ll contested factual issues and ambiguities of state law [are resolved] in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *see also Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) ("Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). The

defendant bears a heavy burden in the removal context because "the effect of removal is to deprive the state court of an action properly before it," thus raising "significant federalism concerns." *Gasch*, 491 F.3d at 281.

## ANALYSIS

At first glance, the Court appears to lack subject-matter jurisdiction because Plaintiff and the Individual Defendants are Texas citizens. Life Time, however, contends that the Court has jurisdiction and should disregard the Individual Defendants' Texas citizenship because Plaintiff "has failed to state a claim upon which relief may be granted and thus is guilty of improper joinder." ECF No. 1 at 5. Specifically, Life Time argues that the Individual Defendants—the lifeguards on duty at the time of Woolard's death—did not owe an independent duty of reasonable care apart from the employer's duty, and therefore were improperly joined. *See* ECF No. 14 at 3.

The general rule in Texas "has always been that 'a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.'" *Alexander v. Lincare Inc.*, No. 3:07-cv-1137-D, 2007 WL 4178592, at *3 (Fitzwater, J.) (N.D. Tex. Nov. 27, 2007) (citing *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984)). However, an employee is liable for actions undertaken during the scope of his employment only if he owes the plaintiff an "independent duty of care apart from his employer's duty." *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (holding a corporate officer is not individually liable for the company's failure to provide a safe workplace). But "[n]othing in *Leitch* suggests that the court intended to alter the general rule that a company employee is personally liable for tortious conduct in which she participates during the course and scope of her employment, provided she owes a legal duty to the person who brings the claim against her." *Alexander*, 2007 WL 4178592, at *3. Because the Individual Defendants participated in the events at issue during the course of their employment, the question is whether the Individual Defendants owed a legal duty to Mr. Woolard.

3

With limited caselaw involving the legal duty owed by lifeguards to swimmers under Texas law, Plaintiff cites analogous cases in which employees owe an independent duty of care to third parties when they participate in tortious conduct during the course of their employment. In 1892, the Texas Supreme Court held that a railroad engineer owed an independent duty to keep a lookout to avoid potential collisions, and that his "negligent failure to keep a proper lookout" gave rise to individual liability. *See Werner v. Colwell*, 909 S.W.2d 866, 868 (Tex. 1995) (citing *Fort Worth & D.C. Ry. Co. v. Mackney*, 83 Tex. 410 (1892)). In modern cases, this independent duty is often observed in the motor-vehicle context. "There is an independent duty—the breach of which is personal negligence—if [an] employee fails to drive an automobile or other vehicle in a reasonably safe and prudent manner, causing injury to third parties or a fellow employee." *Werner*, 909 S.W.2d at 868 (cleaned up) (citing *LeSage v. Pryor*, 137 Tex. 455 (1941)). Further, in the context of employees charged with ensuring the health and well-being of others, Texas courts have consistently held that nurses and therapists may be personally liable for tortious conduct in which they participate during the course of their employment, and thus are not improperly joined when sued individually. *See Alexander*, 2007 WL 4178592, at *3 (collecting cases).

Notably, Life Time is unable to cite any case in which a Texas court (or a court in any other state[1]) has considered and rejected the existence of an independent duty owed by lifeguards to swimmers. The cases cited by Life Time in which courts have found no independent duty involve corporate officers, supervisors, or employees who were not personally involved in the alleged tortious conduct and thus did not owe a duty of

---

[1]When courts of other states have considered this issue, they have found that such a duty exists. *See, e.g.*, *S C Company v. Horne*, 218 Va. 124, 128-29 (1977) (finding a duty to observe swimmers for signs of distress and attempt rescue); *Schalman v. Aquatic Recreational Management, Inc.*, 2019 WL 1491674, at *1, *affirmed*, 137 N.Y.S.3d 701 (2021) (finding a duty to supervise swimmers and assist them in distress); *Williams v. City of Baton Rouge*, 252 LA. 770 (La. 1968) (finding a duty to rescue swimmers in danger of drowning); *see also Sickel v. State*, 363 P.3d 115, 117 (Alaska Ct. App. 2015) ("[A] person employed as a lifeguard at a beach or swimming pool assumes a duty of care toward the swimmers."); *Avery v. Schneider as Next Friend of Schneider*, 356 Ga. App. 304, 310 (2020) ("[T]his Court has recognized that lifeguards . . . may owe a duty to swimmers who suffer injuries at a pool.").

4

care independent of the company's duties. *See* ECF No. 14; *Leitch*, 935 S.W.2d 114 (holding a corporate officer is not individually liable for the company's failure to provide a safe workplace); *Garcia v. Nordex USA, Inc*, 2019 WL 10093091, at *2 (Rodriguez, J.) (S.D. Tex. Dec. 10, 2019) (holding a site supervisor was improperly joined when sued individually for improperly training the plaintiff); *Dargan v. Bridgestone Retail Operations, LLC*, 2018 WL 8546112 (W.D. Tex. Mar. 13, 2018) (holding a store manager was improperly joined when sued individually for negligent supervision); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (W.D. Tex. 1999) (holding a store manager who allowed a defect to exist on store premises did not owe an independent duty of care to the injured customer).

If nothing else, this shows that an ambiguity exists in Texas law as to whether lifeguards owe an independent duty of care to swimmers. Consequently, at the remand stage, the Court must construe this ambiguity in favor of remand—leaving Texas courts to resolve ambiguities in Texas law. *See Smallwood*, 385 F.3d at 573.

Life Time argues that even if the Individual Defendants owed a legal duty to Mr. Woolard, an ordinary negligence claim against the Individual Defendants is barred under the Texas Good Samaritan Law.[2] ECF No. 14 at 9; Tex. Civ. Prac. & Rem. Code § 74.151 et seq. "The Good Samaritan statute is comparable to other immunity statutes that have been found to create affirmative defenses." *Campbell v. Pompa*, 585 S.W.3d 561, 570 (Tex. App.—Fort Worth 2019, pet. denied). The statute "creates an immunity, a set of facts which the defendant may prove to show that it is not liable in civil damages." *Id.* (citations omitted). In unusual cases, a claim may be dismissed "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986).

---

[2]The Texas Good Samaritan Law does not shield defendants from liability in claims involving gross negligence. Tex. Civ. Prac. & Rem. Code § 74.151. The Parties brief the issue of whether Plaintiff has sufficiently pled the elements of gross negligence. *See* ECF Nos. 14 at 11, 15 at 9. If so, the Good Samaritan Law's affirmative defense would be unavailable. The Court does not address this issue because it is not necessary to do so at this time.

5

Assuming for a moment that the affirmative defense appears clearly on the face of the pleadings, it is not clear that this defense applies to lifeguards. Section 74.151 broadly limits liability for individuals "who in good faith administer[] emergency care." Tex. Civ. Prac. & Rem. Code § 74.151. But § 74.151 "does not apply to care administered . . . for or in expectation of remuneration." *Id.* Thus, "the purpose of [§ 74.151] is to lower the standard of care in order to encourage certain medically trained persons and laypersons to render aid in emergency situations." *Moore v. Trevino*, 94 S.W.3d 723, 728 (Tex. App.—San Antonio 2002, pet. denied). However, this section does not apply to the Individual Defendants because they had an expectation of remuneration for care administered within the scope of their employment as lifeguards. Section 74.152, on the other hand, limits liability for "persons not licensed or certified in the healing arts who in good faith administer emergency care as emergency medical service personnel." Tex. Civ. Prac. & Rem. Code § 74.152. This section applies "without regard to whether the care is provided for or in expectation of remuneration." *Id.* Section 74.152 arguably applies to the Individual Defendants if indeed the Individual Defendants were not licensed or certified in the healing arts and were acting in good faith as medical service personnel.

But as to § 74.152, there have been no published cases applying the statute to lifeguards. *See* ECF No. 14 at 9. Life Time, however, points to language in *Moore v. Trevino*, which states in relevant part:

> In support of his argument that section [74.152] applies only to volunteers who provide unpaid emergency care, Moore relies on the interplay between sections [74.151] and [74.152]. Moore argues that section [74.152] is intended to protect police officers, firemen, security guards, *lifeguards*, and other persons who are not emergency medical personnel but who are trained to provide emergency care. Moore's basis for this conclusion is that the purpose of the Good Samaritan Statute is to protect from liability those people who volunteer their services. We agree that the Good Samaritan Statute offers protection to individuals who voluntarily administer emergency care. We disagree that it protects only those individuals.

94 S.W.3d at 727–28 (citations omitted) (emphasis added). Although the court rejected Moore's argument, it did so because Moore's reading of the statute was too narrow. A Texas court may find that lifeguards fall

6

within the protection of § 74.152, but the *Moore* court did not settle this issue. *See Moore*, 94 S.W.3d at 729 ("With this opinion we hold emergency medical technicians and paramedics are included within the scope of section 74.002."). This is an ambiguity in the law that must be resolved in favor of remand. *See Smallwood*, 385 F.3d at 573.

In light of these ambiguities, Life Time cannot meet its heavy burden of establishing that there is "no reasonable basis for the court to predict" that Plaintiff might be able to recover under Texas law against the Individual Defendants for negligent acts committed within the scope of their employment. *See Smallwood*, 385 F.3d at 573.

## CONCLUSION

Since the Court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff, the Court finds that Life Time has not met its burden of establishing the Individual Defendants were improperly joined. Accordingly, the Court concludes that the Individual Defendants were not improperly joined, that the case should be remanded. Plaintiff's Motion to Remand (ECF No. 12) is hereby **GRANTED.**

**SO ORDERED** on this **28th day** of **September 2023**.

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE